```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


TROY AND ASHLEY PAXTON, ET AL
                                          CIVIL ACTION
VERSUS
                                          NUMBER 07-764-RET-SCR
KIRK  KEY  INTERLOCK  COMPANY,
LLC, ET AL
```

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 29, 2008.

```
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY AND ASHLEY PAXTON, ET AL

VERSUS

KIRK KEY INTERLOCK COMPANY, LLC, ET AL

CIVIL ACTION

NUMBER 07-764-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

Defendants ABB, Inc. a/k/a ABB DE, Inc. and Gould Electronics, Inc. removed this case from state court based on diversity jurisdiction under 28 U.S.C. § 1332. When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

An order was issued on December 17, 2007, which set forth the law applicable to alleging the citizenship of corporations and limited liability companies under § 1332, and required the removing defendants to file an amended notice of removal which properly alleged the citizenship of all the parties.[2] The removing

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)(rules of alleging citizenship are straightforward and law demands strict adherence to them).

[2] Record document number 35. Plaintiffs' Motion to Remand also asserted as one basis for their motion that the "Notice of Removal ... is procedurally defective in that the Notice does not state the citizenship of the removing defendants." Record document number 16.

defendants filed the amended notice on January 3, 2008.[3]  In a second order issued on January 18, the removing defendants were notified that the allegations as to defendant Kirk Key Interlock Company, LLC were still inadequate, and the removing defendants were ordered to correct the deficiency.[4]

Review of the removing defendants' second amended notice of removal shows that the jurisdictional allegations as to Kirk Key remain insufficient.[5]  Defendants alleged that the members and managers of Kirk Key Interlock Company, LLC were "Owens Holdings LLC, a limited liability company organized under the laws of the State of Ohio with its principal place of business in Ohio; James Fink, a citizen of the State of Ohio; Daniel Marchak, a citizen of the State of Ohio; and Charles Ross, a citizen of the State of Ohio."  These allegations are insufficient because the removing defendants failed to identify the members of Owens Holdings LLC and the citizenship of each of the members of this limited liability company.[6]

---

[3] Record document number 45.

[4] Record document number 52.

[5] Record document number 60.

[6] *See, Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)(with the exception of corporations, citizenship of an artificial entity for purposes of diversity is the citizenship of each of the entity's constituent members), *citing*, *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990); *Blanchard v. Wal-Mart Stores, Texas, LP*, 368 F.Supp.2d 621, 624-25 (E.D. Tex. 2005); *Turner Bros. Crane and Rigging, LLC*
(continued...)

3

The citizenship of all the parties must be adequately alleged in accordance with § 1332(a) and (c) in order for the court to determine whether there is complete diversity. The removing defendants have the burden of establishing that there is complete diversity.[7] The removing defendants in this case, after being given two opportunities to meet their burden have failed to do so. Because the removal notices filed by the removing defendants do not allege the necessary jurisdictional facts to establish complete diversity, subject matter jurisdiction is lacking and this case should be remanded to state court.[8]

### Recommendation

It is the recommendation of the magistrate judge that this case be remanded to state court for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, January 29, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
*v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[7] *Getty Oil Corp. v. Insurance Co. of North America*, 84 F.2d 1254, 1259 (5th Cir. 1988).

[8] *See*, *Louisiana Pigment Co. L.P. v. Foundation Systems,* 2006 WL 1453047 (W.D. La. March 3, 2006).